Burton *v.* The Inhabitants of Norwich.

---

HARVEY BURTON v. THE INHABITANTS OF NORWICH.

*Attorneys.   Power of Selectmen and Overseers of the Poor to employ Counsel.    Town Agent.    Town Grand Jurors.*

It is within the scope of the implied powers  of selectmen, to protect the interests of the town, by employing counsel in road cases, when the town agent employs none, and makes no objection to the employment by the selectmen; and the assent of the town agent will be presumed where no dissent is shown.

Whether, in case of disagreement, the selectmen, or town agent, would have the paramount right in respect to the employment of counsel in road cases, *quere :*

Before the law was enacted creating the office, it was not the intent of the legislature, by the creation of the office of town agent, to deprive overseers of the poor of the authority to employ counsel for the town in matters within the scope of the duties of their office.

In the administration of that portion of criminal justice, entrusted to towns, and in which the fine and costs collected go to the town, and which is conducted

at the expense of the town, the necessity for legal advice and assistance in many cases, is obvious, and the authority to employ counsel in such cases is lodged in the town grand juror, and not in the town agent.

It never was intended that town agents should take charge of criminal prosecution; the statute creating his office and defining his duties, having reference only to civil suits; and his duties obviously pertain to pending litigation, and to the commencement of suits resolved upon, rather than to preliminary advice.

BOOK ACCOUNT. The facts reported by the auditor, so far as they are necessary to illustrate the decision, are sufficiently stated in the opinion. Trial by the court, at the December Term, 1860,—REDFIELD, Ch. J., presiding. The court rendered judgment upon the report for the plaintiff, deducting all charges for services, which were rendered by the plaintiff in the employment of, or in consultation with, the town grand juror of Norwich, to which decision the defendants excepted.

*Harvey Burton* and *Converse & French*, for the plaintiff.

*Washburn & Marsh*, for the defendants.

PECK J. This is an action on book, and comes to this court on exceptions to the decision of the county court, in allowing certain items of the plaintiff's account objected to by the defendant.

The report shows that the plaintiff, at the time the account accrued, was an attorney and counsellor at law, residing in the town of Norwich.

Among the items so objected to by the defendant, and allowed by the county court, are items No. 1, 4, and 15, for professional services as such attorney. No question is made, but that the plaintiff rendered the services, but it appears from the report, that at the time they were rendered, the plaintiff was one of the selectmen of the town, and it is claimed by the defendant that the plaintiff rendered the services in his capacity as selectman, and not as an attorney, and that he never was employed by the town as an attorney or counsel, in the suits or matters in which the services were rendered. If this is so, the judgment of the county court was wrong in allowing the amount charged, which is more

Burton v. The Inhabitants of Norwich.

than he would be entitled to if he rendered the services as selectman merely, and not in his professional character—for the report shows, "that the selectmen of the town received but one dollar per day for their services, by vote of the town, for some four or five years, including the year in which the plaintiff was selectman, and that this vote and custom were known to the plaintiff." This binds the plaintiff to that vote of compensation for all services rendered for the town in his official capacity as selectman. These three items accrued under the following circumstances : A petition was pending in court, in which the town was a party, and in which a hearing was about to be had before commissioners, relative to laying out a highway, and " a notice was served upon the plaintiff, as selectman, of the time and place of hearing. He thereupon informed the other selectmen, and had a consultation with them about the matter. The plaintiff advised to the employment of counsel, and said that such was the state of his health that he did not want to take the responsibility of the business upon his hands. With the understanding of the other selectmen, he wrote to Washburn & Marsh to attend before the comissioners as attorneys for the town, and he received a letter from them containing suggestions in regard to the preparation of the case. In accordance with the suggestions, the preparation was made, and that is the service charged for in item fifteen of the account." This item, as appears by the account, is for " *examining town records and reports, getting copies of taxes, and preparing the West Hartford road case for hearing before commissioners.*" The other two items are for attending before said commissioners as attorney or counsel three days, Mr. Marsh having also attended the hearing as counsel for the town. It is objected that the selectmen have no authority to employ counsel, and thereby charge the town, and it is insisted that the sole authority to employ counsel is invested in the town agent.

The statute provides that " the selectmen shall have the general supervision of the concerns of the town, and shall cause all duties required by law of towns and not committed to the care of any particular officer, to be duly performed and executed,"—and entrusts the subject of highways specially to the selectmen. Comp. Stat. p. 118, sec. 43. It also provides among the officers to be

elected annually, by towns, that they shall elect " *an agent to pros-ecute and defend suits in which the town is interested,*" and while it prescribes the duties of other town officers, it leaves the duties of the town agent to be inferred from the name and designation of his office, in the provisions relating to his appointment above stated.

Considering the general duties imposed on the selectmen in con-nection with the special duties imposed on them in relation to highways, the court think that it is within the scope of their implied powers to protect the interests of the town by employing counsel in road cases, where, as in the present case, the town agent provides no counsel and makes no objection to the employ-ment of counsel by the selectmen. It is true that in *Follett* v. *Whitingham,* in Windsor County, 1860, the supreme court decided that when a suit was pending, it was primarily the business of the town agent to employ counsel in such cases, but they also decided that a retainer of counsel by the selectmen with the knowledge and without any dissent on the part of the agent, he declining to act in the matter, was binding until the counsel was subsequently dismissed by the town agent, subsequently elected, who employed other counsel, and that the attorney could not recover for services rendered after such dismissal—but they did not decide what the effect would have have been if the employment had been without notice to the agent. We think his assent may be presumed if that is necessary, where, as in this case, he neglects to employ counsel and no dissent is shown. Which would have the paramount right, in case of disagreement, it is not necessary to decide.

But it is objected that there was no employment of the plain-tiff by the selectmen, and that the plaintiff being one of the selectmen, an express employment by the other two, (it appears there were three,) must be shown. There must be an employ-ment either express or implied. But if one selectman is an attor-ney, and performs necessary professional services for the town in a matter in which the other selectmen, or either of them, act with-out any dissent on their part, the assent of the others will be pre-sumed, and it is equivalent to an express employment.

But in this case so far as these three items are concerned, inas-much as other counsel were employed, it cannot be inferred that

Burton *v.* The Inhabitants of Norwich.

it was the mutual understanding and expectation of the plaintiff and the other selectmen, or either of them, that the plaintiff was acting as counsel in his professional capacity, but the contrary; these services must therefore be referred to the plaintiff's official capacity as selectman, and be subject to the rule of compensation applicable to such services. The assistance rendered by the plaintiff in that proceeding, was mainly such as might have been rendered by him had he not been a lawyer; it is true it appears he sat with Mr. Marsh, the counsel of the town, and asked some questions, but that is not enough to give a professional character to the services, in the face of the other facts reported.

Item number six was for attending on a trial before commissioners in another case, relating to laying a road, in which the town was a party, and differs from the items already considered in this, that he attended in connection with one of the other selectmen, and the town had no other counsel, and nothing was said to show in what capacity he should act, or to rebut the presumption of an understanding that he was to be paid for his services according to their character, that is, in his professional capacity—and for this item he should be allowed as he has charged.

Item 23, the auditor reports, was for services rendered at the request of the overseer of the poor, and on reference to the account, it is said to be for "advice relative to Mr. Field being a town pauper, and going to his house, at request of overseer of poor." To this item it is objected that the overseer has no authority to bind the town by the employment of counsel. It is certainly necessary and important for the interests of the town, that the overseer should, in many instances, in his department, have legal advice to guide him—difficult questions often arise in relation to the settlement of paupers, and it often becomes necessary for the overseer to determine whether to procure an order of removal, and for that purpose to know in what town the pauper has his legal settlement, in order to know whether to make a removal, and if so, to what town. The overseer is often called on to judge whether to appeal from an order made against his town. The consequence of making a wrongful removal, or of removing one to a wrong town, or of taking an appeal under a

mistaken idea of the law, at once involves the town in litigation, and in no part of the business of a town is reasonable legal advice more necessary than in relation to paupers.

But it is claimed that the town agent has the exclusive authority to engage counsel and take advice. But it seems most appropriate that it should be left to the officer who has the charge of this branch of the business of the town, and who, from his superior knowledge of the facts, would be better prepared to so lay the case before the counsel, as to obtain correct advice, and who is called on to act upon such advice. Before the law was passed creating the office of town agent, there can be no doubt that the overseer had such authority. The law creating the office of town agent, is of comparitively recent origin, and there is no good reason to suppose that by the creation of that office the legislature intended to take away this necessary and salutary power, and transfer it to the town agent. The town agent is designated in the statute as " an agent to prosecute and defend suits in which the town is interested," and his duties obviously pertain to pending litigation, perhaps to the commencement of suits resolved upon, rather than to preliminary advice, the object and effect of which often is to prevent litigation. This item being of this character must be allowed.

As the defendant has succeeded on his exceptions, in reversing the judgment, it becomes the duty of the court to render such judgment as the county court ought to have rendered, and to correct errors, if any, that may be found in the judgment below by the disallowance of items that the plaintiff claimed, although the plaintiff did not except.

The court below rejected items No. 13, 14, 18, 19, 20, 21 and 24, which the auditor finds were rendered at the request of the grand juror. The same objection is made to these items, viz: the want of authority in the grand juror to employ counsel. In the administration of that portion of criminal justice entrusted to towns, and in which the fines and costs collected go to the town, and which is conducted at the expense of the town, the necessity in many cases for legal advice and assistance is obvious, both for the interests of the town and for the welfare of the public generally. It is reasonable that some officer of the town should have

this authority, and we know of no officer more competent to judge when counsel is necessary for such purpose than the grand juror. It is quite clear that it never was intended that the town agent should take charge of criminal prosecutions. He is appointed to prosecute and defend suits in which the town is interested. This must have reference to civil suits. With regard to criminal proceedings, the town grand juror is a prosecuting officer, and complaints are to be filed in his name, and prosecuted under his oath of office, and he, and he alone, is to exercise his judgment as to what cases to prosecute, and in what cases to enter a *nolle prosequi* if justice to the accused or the interest of the public requires it. This power he had before the creation of the office of town agent, and there is no reason to suppose that this important duty was intended to be taken from him, and transferred to the town agent. If such had been the intention, it would have been so provided. Most of these items appear on their face to have accrued in cases within the exclusive jurisdiction of a justice of the peace, and as to the others, in the absence of anything to warrant a contrary inference, they may be presumed to be of the same character, and be taken to be such as the grand juror had a right to incur at the charge of the town. Had it appeared that they accrued in cases beyond the jurisdiction of a justice to hear and finally decide, and therefore not prosecuted at the expense of the town, they could not be allowed, as compensation in such cases is made by the state under an allowance by the court auditor.

The conclusion is, that the judgment of the county court is reversed, and items Nos. 1, 4, and 15, amounting to $103, allowed by the county court, be disallowed, and items Nos. 13, 14, 18, 19, 20, 21 and 24, amounting to $13, disallowed by the county court, be allowed. And in place of items Nos. 1, 4, and 15, there is to be allowed to the plaintiff the sum of four dollars, for four days services as selectman, being at the rate established by vote of the town. As to the residue of the account, the judgment is in accordance with the judgment of the county court.

BARRETT, J., did not concur as to the grand juror's right to employ counsel and bind the town.