## Town of Cabot *v*. Jason Britt.

*Selectmen. Town Agent. Municipal Corporations.*

The selectmen of a town have the power to settle and stop a suit against a party, brought to recover a penalty for not removing an obstruction out of the highway under an order of the selectmen.

A vote of a town " to direct the town agent to manage the lawsuits as he thinks best," would not limit the general authority of the selectmen over the subject.

In general the record of a public meeting of a municipal corporation cannot be enlarged or altered by parol evidence.

THIS was an action in behalf of the plaintiff for the penalty, under the statute, against the defendant for keeping and maintaining a nuisance in the highway in the town of Cabot. The plaintiff obtained judgment before the magistrate, and the defendant appealed. The appeal not having been entered by the defendant, the plaintiff entered certified copies of the same with complaint for *affirmance*. The defendant claimed that after the appeal and before the term of the county court, to which appeal was taken, the suit was settled ; and moved to dismiss the complaint. It appeared it was so settled *in fact*. The settlement was evidenced by writing, signed by two of the then selectmen of

Cabot and the defendant, to wit : Joseph Hoyt and Samuel W. Osgood, in behalf of the town, and by Jason Britt for himself.

It appeared in evidence that at the March meeting in Cabot, 1861, Joseph Lance was appointed " town agent for said town to prosecute and defend suits in which the town is interested." And after the selectmen and town agent were elected, the said agent suggested in town meeting (before the same was dissolved) that there might be a difference of opinion as to the manner of disposing (whether to prosecute or settle) pending suits in which the town was interested, and requested that the town should give some special instructions. Whereupon it was voted by the town " that the town agent is directed to manage the law suits as he thinks best." It was offered to be proved by Mr. Coburn, who made the motion, and other witnesses, that the motion in fact, which was made and carried, was in accordance with the request of the agent ; " that the town agent be a special agent to manage or settle the law suits as he sees fit," but the court, although the evidence was heard, ruled that the record could not be enlarged or altered by parol evidence,—to which the plaintiff excepted.

It appeared that one of the selectmen and the town agent were opposed to the settlement without payment of the penalty, and this was known to the two selectmen that made the settlement. But the town agent never forbid their making the settlement.

The plaintiff insisted that the pretended settlement was made in *bad faith ;* but if made in good faith it could not conclude the rights of the town ; that the statement made by the town agent in town meeting, which called out the vote, was admissable to show the application of the vote, and that under the circumstances the vote as recorded should be construed to delegate to the agent management, control and disposition of the law suits at his discretion, and that the settlement of the defendant with the selectmen, who knew these facts, and that the agent claimed the control of the suits, was without authority.

The court found the fact that the two selectmen acted in good faith, and adjudged that they had the legal right to make such settlement ; that it concluded the town, and the town could not

afterwards overrule such action or restore the suit, and adjudged that the complaint for affirmance should be dismissed with costs. To all the rulings of the court, to the exclusion of parol evidence to prove the occasion and circumstances of the vote of the town, the plaintiff excepted.

*J. P. Lamson* and *Redfield & Gleason*, for the plaintiff.

*Peck & Colby*, for the defendant.

POLAND, CH. J. The binding validity of the settlement of this case, by the selectmen of Cabot and the defendant, depends upon the question whether under the circumstances, the select-men had authority so to act, and bind the town. The county court have found that the settlement was made in good faith, and there seems to have been ample consideration to support it.

It involves the question of the extent of official authority or agency of selectmen under our statute. Sec. 45 ch. 15, G. S. 111, is as follows : " The selectmen shall have the general supervision of the concerns of the town, and shall cause all duties required by law of towns, and not committed to the care of any particular officer, to be duly performed and executed." No such general authority is conferred upon any other town officer ; all others are appointed to attend to some specific department of the public service, and have no power to act for, or bind the town, beyond their own specified line of duty. Selectmen cannot be said to be in a strict legal sense general agents of towns, because specific subjects and duties committed by law to other officers, do not belong to them. Nor are we prepared to say that in other respects they are general agents of towns, to such an extent as to be authorized to exercise all the corporate authority of the town, and by their action bind the town in all cases where the town itself could, by a corporate vote. But in all matters pertaining to the ordinary and usual corporate interest, we think it was intended by the statute to clothe selectmen with authority to act, without calling a town meeting to act upon it. From the very nature of the subject it will become sometimes difficult to decide

between those matters which come within the fair scope of this general official agency, and those which are so important and unusual, as to require a vote of the town. We have no occasion at this time to undertake to define this line any more clearly, for we are satisfied that in this case the subject of their action was one clearly within their official province.

The suit against the defendant was to recover a penalty for not removing his fence out of the highway, under an order of the selectmen.

Town highways are matters of general concern and interest to the town; they are built by the towns, and they are bound to keep them in repair, and a constant and watchful care has to be kept over them. The general supervision of them is in the selectmen. They have power to lay out roads, and to see that they are built, to divide the town into highway districts, assess the taxes, &c. They are to settle and adjust claims made against the town for damages sustained upon their highways.

In case of obstructions in highways, their duties are still more specific. They may order the obstruction removed, and if the person creating the obstruction does not remove it, the selectmen may remove it at his expense, and recover it from him by suit. The statute does not say in terms that suits against such person for not removing the obstruction as ordered, shall be brought by the selectmen, as it does in relation to suits to recover the expenses of removal, but such is the fair implication.

The whole subject is evidently intended to be placed under the jurisdiction and control of the selectmen.

It deserves notice also, that the penalty when recovered, does not go into the general funds of the town, but is to be appropriated to the repairing of roads within the town.

If the selectmen have the power to order such obstruction to be moved, it would seem they must have power to revoke their order, and if they are authorized to commence an action for the penalty, it would be singular if they had not power to settle and stop the suit, if they found that its maintenance was doubtful, and likely to involve the town in a useless or expensive litigation. These views of the powers and duties of selectmen we

believe accord with a long course of action and usage in the state, which has been practically beneficial in our communities. The apprehended danger that selectmen will usurp too much authority, and thus work injury and mischief to the town, has not hitherto been experienced. The difficulty has more often been in the opposite direction.

Nor are we in conflict with the cases heretofore decided, as we understand them.

In *Angel* v. *Pownal*, 3 Vt. 461, it was decided that selectmen could not discharge the constable for whose default the town was sued so as to make him a witness for the town. The decision is put on the ground, that as the town were secured against his default by his bond, they were safe as they were, while if they discharged him, the town might be made liable and left without remedy, and that it presented the common case of an agent discharging his principal's debt without satisfaction, which is a fraud on the principal's rights.

In *Middlebury et al.* v. *Rood*, 7 Vt. 125, it was decided that selectmen had not the right to receive money collected by a sheriff on an execution in favor of the town, and discharge him. The ground of this decision was that the duty of the sheriff was to pay the money to the town treasurer, the officer appointed by law to receive and keep the money of the town. There was nothing to be settled or compromised by anybody, no duty on one side, but to pay, and on the other, to receive the money, and the proper officer for that purpose was the treasurer, and not the selectmen. But the defendant insists that if the selectmen had such a general authority as would have enabled them to make this settlement, that in this particular case they had not, because the town had by a special vote taken it away from them, and conferred it upon the town agent. We have no doubt of the power of the town by vote to direct a particular course of action where otherwise the selectmen might exercise a discretion, or to invest a special agent with authority to act in a particular transaction within the general scope of the agency of selectmen, and take away the authority of the selectmen, so that a person having

knowledge of it, would not have the right to deal with the select-men as the agents of the town in that behalf.

Do the facts here present such a case? In the first place the action of the town can be proved only by the recorded vote. It is too well settled to admit of question in this state, that the action of these municipal corporations in public meeting, can only be proved by their records.

The vote was " to direct the town agent to manage the law-suits as he thinks best." The statute requires towns to elect " an agent to prosecute and defend suits in which the town is interest-ed." It has never been supposed that such town agent had any authority to originate suits in favor of the town, or to settle or compromise suits in which the town was interested, but that his duty consisted merely in conducting the litigation in its progress.

It is not claimed here by the plaintiff's counsel that his statute power extends farther than this, but that it is conferred by this vote. In terms certainly, the language of the vote goes little, if any beyond that of the statute. It might perhaps, without violence be extended far enough to make a settlement with the town agent binding on the town. But there is nothing in the vote that evinces any design on the part of the town to take away, or limit, the general authority of the selectmen over the subject, so that it remained as before.

The suggestion made by the plaintiff's counsel, that they were entitled to have an issue found upon the question of this settle-ment, and especially whether it was made in good faith, and have that issue tried by jury, is sufficiently answered by the fact that they made no question in the county court as to the form in which the question should be tried, or the tribunal who should try it.

The judgment is affirmed.