Hon. TIMOTHY P. REDFIELD, } Assistant Judges.
Hon. H. HENRY POWERS,

---

### J. D. BRIDGMAN *v.* TOWN OF GRAFTON.

#### *Town Grand Juror.*

Town grand jurors have no authority to employ attorneys in the prosecution of offences that are beyond the final jurisdiction of justices of the peace.

This was an action brought to recover for plaintiff's services as an attorney in the prosecution of Solon S. Wooley for the murder of his brother, Franklin A. Wooley, in the defendant town, on October 23, 1876. It was agreed that the plaintiff was employed in that behalf by Lyman E. French, town grand juror of the defendant town, and, at his instance and request, therein expended time and money of the value of $42, for which he had received $10, on an allowance of costs by the court auditor.

At the September Term, 1878, the court, Ross, J., presiding, rendered judgment, *pro forma*, for the plaintiff for $32 ; to which the defendant excepted.

*L. S. Walker*, for the defendant.

The town grand juror had no authority to employ counsel and bind the town. Gen. Sts. c. 15, ss. 86–88 ; *Burton* v. *Norwich*, 34 Vt. 345. The law makes provision for the payment of attorneys' fees in cases like this. Gen. Sts. c. 124, ss. 4, 6.

The plaintiff is not without remedy. The Legislature would relieve him.

*L. M. Read*, for the plaintiff.

The town grand juror was by statute bound to make presentment of the offense in question. Gen. Sts., c. 15, s. 86. Where a duty is imposed on an officer by statute, authority is given him to employ means necessary to the performance of such duty.

The fact that under s. 6, c. 124, Gen. Sts. the State may be called on to pay $5 in each such case does not deprive the attorney of his remedy against the town for the remainder of his fees, &c. The law-making power has as much right to impose on towns a portion of the expense of their own police regulations as of the care of their own paupers, or of the repair of their own highways.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff was employed as an attorney by the town grand juror of the defendant town, to prosecute a person for murder alleged to have been committed in said town ; and this suit is brought to recover compensation for such services. Has a town grand juror authority to employ an attorney in the prosecution of offences beyond the final jurisdiction of justices of the peace ? Fines and penalties for petty offences, with few exceptions, are by statute made payable to the treasury of the several towns wherein such offences are committed ; and the duty of prosecution, and the expense, are cast by law upon those towns into whose treasury the fines are made payable. All other crimes

are prosecuted by, and at the expense of, the State. Gen. Sts.
c. 124, s. 4. Section 6 of the same chapter provides that an at-
torney employed by a grand juror in such case shall receive from
the State treasury for his compensation $5, to be certified by the
justice trying the case, and to be audited by the court auditor.
That such compensation, in this case, is entirely inadequate, and
does not even pay but a small portion of the actual expenses, is
no legal reason for changing, against the express provisions of
the statute, the burden of such prosecution from the treasury of
the State, to that of the town. See opinion of PECK, J., in *Bur-
ton* v. *Norwich*, 34 Vt. 345.

It is the province of the court to interpret and declare the law,
but not to make or amend it. Such claims, outside or in excess
of the compensation allowed by statute, have for many years been
considered by a committee of the Legislature during its session,
in conjunction with the State Auditor.

The judgment of the County Court is reversed, and judgment
on the facts stated for defendant to recover its costs.