## HEZEKIAH S. SMITH *v.* S. J. DANA.

*State prosecution by town.    Who may settle it.*

Where a justice of the peace, upon the complaint of a town grand juror, has imposed a fine, and an appeal has been taken from this judgment by the respondent, which neither party has entered in the County Court, neither the selectmen of the town nor another town grand juror can settle the suit during the term of the County Court to which the appeal was taken.

Trespass for false imprisonment. Heard at the September term, 1890, Munson, J., presiding upon demurrer to the plaintiff's replication. The court sustained the demurrer.

The plaintiff excepts.

The case appears in the opinion.

*Wing & Fay,* for the plaintiff.

At the time this settlement was made the jurisdiction of the justice was suspended so that the town grand juror had no control over it. *State* v. *Wooley et al.,* 44 Vt. 363.

The town agent has nothing to do with the town's criminal suits. *Burton* v. *Norwich,* 34 Vt. 345; *Cabot* v. *Britt,* 36 Vt. 349 and cases cited in the opinion.

Therefore the selectmen were the proper persons to act.

*Dillingham & Huse,* for the defendant.

After the appeal was taken no one had authority to settle the suit except in the manner designated by the statute, *i. e.* by payment of fine and cost. R. L. 1678.

No *nol. pros.* could be entered except by leave of court, and

there was no court which could then grant that leave. Whart. Cr. Law, 513, 514; *Commonwealth* v. *Tuck*, 20 Pick. 356; *Commonwealth* v. *Briggs*, 7 Pick. 179.

The opinion of the court was delivered by

ROSS, Ch. J. The only contention raised by the demurrer to the replication, is whether, under the circumstances therein set forth, the selectmen and grand juror of the town of Fayston, in behalf of that town, had authority to settle the suit, State against the plaintiff. This action is trespass for assault and battery, and false imprisonment. The plea sets up in bar of the action, that the defendant was at the time of the supposed trespass, a justice of the peace for the county of Washington; that a complaint was preferred to him against the plaintiff, for an assault by A. D. Bragg, grand juror for the town of Fayston; that thereupon he issued a warrant, in which the plaintiff was brought before him to answer the complaint; that the plaintiff plead guilty to the complaint, and the defendant duly adjudged him guilty and imposed a proper fine and costs payable to the treasurer of the town of Fayston; and that thereupon the plaintiff appealed the cause to the County Court; that the plaintiff did not enter the appeal, nor did the State; and after the close of that term of the County Court the defendant issued a proper warrant to carry the sentence against the plaintiff into execution; and that the execution of this warrant occasioned the only trespasses complained of. The plaintiff by his replication, claims that the facts set up in the plea, are not a bar to his right of action, because he says, that before the close of the term of the County Court, in which his appeal should have been entered, he settled the cause with the selectmen of the town of Fayston, and with C. D. Billings, grand juror of the town, who professed to act for the town, and that he gave the defendant notice thereof. The demurrer admits the settlement and notice. The contention is, whether the selectmen, and this other town grand juror, had legal

authority to settle the cause pending the appeal. The appeal suspended, but did not vacate the judgment and sentence against the plaintiff. It only suspended it until the expiration of the term of the County Court to which the appeal was taken. R. L. 1676; Acts of 1886, Nos. 50 and 51. If the plaintiff did not wish to enter his appeal, he could, at any time up to twelve days before the term of court, to which the appeal was taken, settle the case by paying to the justice of the peace, who rendered the judgment and imposed the sentence, the fine and costs, with interest. R. L. 1678. If the appeal was not entered, nor the case settled, after the close of the term of court to which the appeal was taken, it was the duty of the defendant to issue his warrant to carry the sentence into execution, 1676 R. L. When the fine and costs are paid twelve days before court or collected on the warrant, it is the duty of the justice who imposed the sentence to pay it over to the proper treasurer. The statute points out a way in which the settlement can be made, and the money collected find its way into the proper treasury. While the selectmen have large powers, in general, in the management of the affairs of the town, the financial affairs of the town, such as receiving, receipting for and paying out money, is devolved upon its treasurer. They cannot receive money collected on a judgment in favor of the town and discharge the officer making the collection. *Middlebury v. Rood*, 7 Vt. 125; *Cabot* v. *Britt*, 36 Vt. 349. In *Cabot* v. *Britt*, Judge Poland well says, speaking of *Middlebury* v. *Rood*, "There was nothing to be settled or compromised by anybody, no duty, on one side, but to pay, and on the other, to receive the money, and the proper officer for that purpose was the treasurer, and not the selectmen." This is applicable to the situation when the attempted settlement was made. The judgment and sentence were still in force, until the appeal was actually entered. This was not done. The only duty on the plaintiff was to pay to the defendant, and for the defendant to pay to the treasurer of the town. The selectmen had no duty or

authority over the matter, and the settlement so far as made by them had no validity. But the plaintiff contends that the town grand juror might effect such a settlement. He relies upon what was said in *Burton* v. *Norwich,* 34 Vt. 345, about a town grand juror having the right to enter a *nolle prosequi* in a case he had commenced to prosecute, if justice to the accused or the interest of the public require it. But this case was not before a court where such an entry could be made. When the case is pending in court, whether the prosecuting officer shall be allowed to enter a *nolle prosequi* is in the discretion of the court. Wharton Cr. Law, 513, 514; *Commonwealth* v. *Tuck,* 20 Pick. 356; *Commonwealth* v. *Briggs,* 7 Pick. 179. But it cannot be held that one prosecuting officer, where there are several having the same power, can interfere with cases which are being prosecuted by another like officer. Such holding would throw criminal prosecutions for minor offences into the greatest uncertainty and confusion. This prosecution, if still pending, would have been in the control of grand juror A. D. Bragg, and town grand juror C. D. Billings could have exercised no control over it. But it was not pending. The plaintiff and the state had the right to have had it pending in the County Court by entering the appeal. Neither did so. The judgment and sentence against the plaintiff were perfected. Nothing remained but to carry it into execution by the proper warrant from the defendant. The replication is no legal answer to the plea.

*Judgment affirmed, and cause remanded.*