## W. S. NAY *vs.* THE TOWN OF UNDERHILL.

May Term, 1898.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed January 28, 1899.

*Health Officer Must Be a Resident.*—V. S. c. 193, although not explicit upon that point, does not authorize the state board of health to appoint for a town a health officer who is not a resident of that town; the duties to be performed by such officer as well as the general and long settled understanding that local officers must be selected from

among those for whom they are to act, making it clear that such was the legislative intent.

ASSUMPSIT. Trial by court at the September term, 1897, Chittenden county, *Taft*, J., presiding. *Pro-forma* judgment for the plaintiff. The defendant excepted.

*Henry Ballard* and *J. J. Monahan* for the defendant.

*Cushman & Mower* for the plaintiff.

START, J. The action is general assumpsit, to recover for services rendered and expense incurred by the plaintiff while acting as health officer for the defendant town under an appointment from the state board of health. At the time the plaintiff was appointed, and when he rendered the services and incurred the expense sought to be recovered, he was not a resident of the defendant town, but of an adjoining town. The services were not rendered nor the expense incurred at the defendant's request, and no promise on the part of the defendant, or any of its officers, to pay for the services is shown. The services were rendered and the expense incurred by the plaintiff by virtue of his appointment as health officer by the state board of health, and the defendant's liability depends upon whether the legislature has vested the state board of health with power to appoint a health officer for a town, who is not a resident of the town for which he is appointed.

Under V. S. c. 193, it is the duty of the state board of health to appoint a health officer for each town, village and city in the State. The health officer, with the selectmen of the town, trustees or bailiffs of a village, or the aldermen of a city, shall constitute a local board of health. The health officer shall be secretary and executive officer of the local board, and shall hold office for three years, unless he resigns or is sooner removed. He shall, in connection with the other members of the board, make sanitary inspection, abate all nuisances, destroy, prevent or remove all sources of filth or causes of sickness, guard against the introduction

of contagious or infectious diseases, control all persons and things arriving in his town from infected places, require the isolation of all persons and things infected with, or exposed to, contagious or infectious diseases, provide suitable places for the reception of the same, and, if necessary, furnish medical treatment and care for such as are sick, at the expense of the town, require, and, if necessary, provide the means for the thorough purification, disinfection and cleaning of infected places. Notice of infectious or contagious diseases must be given to the health officer, and the town for which he is appointed is required to pay for his services.

For the performance of these duties, the personal presence of the health officer in the town for which he is appointed is necessary; and it would seem that for their convenient and inexpensive performance, he should reside in the town for which he is appointed. He should be accessible and so situated as to be able to act with promptness and dispatch, in order to effectuate the purpose of the enactment creating the office. A resident of the town for which he is appointed would be more likely to secure healthful and sanitary conditions than a resident of a remote town, and at less expense. If the state board of health can appoint a health officer for a town, who is not a resident of the town for which he is appointed, there is no limitation upon its power in this respect, and it can appoint a resident of Newport a health officer for Bennington, and subject the town to a charge, as for ordinary professional services, in favor of the health officer for services for going from Newport to Bennington to quarantine and placard an infected building. Such has not been the construction of the statute respecting appointments and elections to local, municipal or county offices.

We are not aware of any constitutional or statutory provision that requires county offices to be filled by appointment or election from among the residents of the

county, but it has been the universal practice to do so. It has been generally understood that municipal officers must be selected, appointed or elected from among those they are to act for, or over whom they have jurisdiction or control, and that one must be an elector in a precinct in order to be eligible to office therein. Selectmen and other town officers must be chosen from among the inhabitants of the town. V. S. 2980. The selectmen and health officer constitute a local board of health for the town for which they are elected and appointed, and their powers and duties are to be exercised and performed within the corporate limits of the town for which they are elected and appointed. Beyond these limits they have no jurisdiction and have no duties to perform. They are local officers, and the health officer is one of them. The construction that has thus been given to statutes relating to local officers is applicable in this case. We therefore hold that the legislature intended that a health officer should be appointed from among the residents of the town for which he is appointed; that the state board of health had no power to appoint the plaintiff a health officer for the defendant town; and that he acted as such without authority, and is not entitled to recover.

*Judgment reversed, and judgment for the defendant to recover its costs.*