GIBSON & WATERMAN *v.* TOWN OF VERNON.

Special Term at Brattleboro, February, 1916.

Present:  MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed April 8, 1916.

*Towns—"Town Officers"—License Commissioners—Powers—Employment of Counsel.*

The liquor license commissioners of a town, whose appointment is made, and compensation fixed, by the assistant judges of the county court, under P. S. 5109, 5114, are not definitely classed as "town officers," but assuming that they are such, they have no authority to employ counsel at the expense of the town to advise them regarding a contest over the granting of a license to sell liquor in a hotel in a village in the town, although the granting of the license is opposed by the selectmen, who were also the agents of the town to prosecute and defend suits, on the ground that the village is not the principal one in the town, for it is only with reference to matters in which the inhabitants of the town in their corporate capacity have a direct interest that such authority exists.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by court at the September Term, 1913, Windham County, *Miles,* J., presiding. Judgment for defendant to recover its costs. The plaintiff excepted. The opinion states the case.

*W. D. Smith* and *E. W. Gibson* for the plaintiff.

*A. F. Schwenk* for the defendant.

MUNSON, C. J.  This suit is brought to recover compensation for legal services rendered under an employment of the license commissioners of Vernon, as advisers of the board in a contest over the granting of a license; which contest occurred in 1909 and resulted in the case of *Brown* v. *Alderman,* 82 Vt. 529, 74 Atl. 230. The claim is contested on the grounds that license commissioners are not town officers, and that if classed as town officers they are not officers entitled to employ counsel

at the expense of the town, and that if entitled to do this in some circumstances they could not do it in the circumstances of this case.

At the time of the employment and services in question, the selectmen of Vernon, who were also agents to prosecute and defend suits, had attorneys engaged under a general retainer as counsel for the town; and this was known to the license commissioners. Alderman applied for a license to sell at the hotel in South Vernon, and was the only applicant for a license. His application was opposed by the selectmen of Vernon, and by citizens of that town and adjoining towns in Massachusetts and New Hampshire, on the ground that the village of South Vernon was not the principal village in the town. A public hearing was had, in which the objectors were represented by counsel, and the license commissioners by the plaintiffs as counsel.

License commissioners are appointed, and their compensation fixed, by the assistant judges of the county court. P. S. 5109, 5114. Their accounts are audited and allowed "in the same manner as the accounts of town officers," and their fees and expenses are paid by the State. P. S. 5114, No. 129, §2, Acts 1908. The fees for licenses are paid to the town treasurer, and paid by him to the State treasurer; and when a town is required to refund a license fee or part thereof, the State returns to the town an amount equal to the amount so refunded. No. 129, Acts 1908. The commissioners were formerly paid by the town, but the town was then permitted to retain one-half the amount of the license fees. P. S. 5114, 5129. So the license commissioners are neither chosen nor paid by the town, and we find nothing in the statutes that definitely classes them as town officers.

The health officer of a town is an official appointed by the state board of health, whose compensation is paid by the town; and in *Nay* v. *Underhill*, 71 Vt. 66, 42 Atl. 610, it was held that this officer must be a resident of the town for which he is appointed. He is treated in the opinion, and is once spoken of in terms, as a "local officer." The license law requires that the commissioners be selected from the legal voters of the town. The act of 1908, before referred to as charging the pay of license commissioners upon the State, covers other expenses. The language of the act is that "the fees and expenses of the local administration of the licensing of the sale of liquors shall

be paid by the State.'' For the purposes of further inquiry, and to meet the argument made by the plaintiffs, we will assume that the license commissioners are town officers, and that an expenditure for legal assistance is not an expense chargeable to the State.

This raises the question whether there is anything in the nature of the office or its duties that could be held to give the license commissioners, as town officers, an implied authority to employ counsel at the expense of the town. They are to receive applications for licenses and give a public hearing thereon; are to pass upon the sufficiency of the bond filed with the application, and ascertain whether the applicant is of the eligible class and the location within statutory requirements; and if these conditions are met they may grant or refuse a license upon their judgment as to the fitness of the applicant. They are to revoke licenses for certain causes, and may revoke a license without notice or hearing. The statute prescribes the forms of the application and bond, and the secretary of state furnishes blank licenses of each class. There is certainly nothing in the general character of these provisions which indicates a legislative intention that the commissioners should employ counsel to conduct an inquiry in their behalf, or guide their discretion, or prepare their papers.

But the plaintiffs' argument lays stress upon the nature of this particular inquiry and the adverse attitude of the selectmen. Previous to the enactment of 1908 relating to villages, the restrictive provisions having reference to location were requirements regarding distance and percentage of residents. It is true that an inquiry as to which is the principal village in a town may involve something more than matters of measurement and enumeration. But the more complicated nature of the inquiry affords no ground for making it an exception as regards the question at issue. We know of no warrant in law for sustaining the employment on the ground of special difficulty. Nor did the fact that the selectmen and town agents were among the objectors justify the commissioners in taking this action. Indeed, it may be doubted whether any official could charge the town with legal expenses in connection with a controversy of this character. It is only with reference to matters in which the inhabitants of the town in their corporate capacity have a direct interest that this power exists. See *Sheldon* v. *Ben-*

*nington,* 67 Vt. 580, 32 Atl. 497; *Stafford* v. *Norwich,* 71
Vt. 78, 42 Atl. 970. It can hardly be said that the town of
Vernon had a direct corporate interest in determining which of
its villages or citizens should have the benefit of the license.
See *Sargent* v. *Clark,* 83 Vt. 523, 77 Atl. 337. However this
may be, the failure of the selectmen to provide counsel did not
empower the commissioners to do so.

Our conclusion and decision is that license commissioners
sustain no relation to the town that entitles them to employ
counsel at the expense of the town.

*Judgment affirmed.*