## COOK & NORTON *v.* TOWN OF SUTTON.

October Term, 1917.

Present: WATSON, C. J., HASELTON, ·POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1917.

*Tax Collector—Implied Authority—Suit on Behalf of Town— Findings of Fact—Suit Against Town for Legal Services Secured by Tax Collector—Estoppel.*

A collector of taxes has implied authority to secure legal advice in the discharge of his duties, at the expense of the town.

A collector of taxes has no implied authority, under P. S. 646, as amended by No. 52, Acts 1910, to institute a suit on behalf of the town, and an attorney, employed by him for this purpose, is bound to know the extent and limitations of the collector's authority in the matter, and to act accordingly.

In an action against a town to recover for legal services rendered, a finding that the employment of plaintiffs by the tax collector to institute a suit to collect a tax was not ratified by the selectmen or the town agent is not inconsistent with evidence that the town agent, one of the selectmen, and the collector called at plaintiffs' office, after the suit had been brought, talked over the matter, without suggesting that plaintiffs had not been properly employed, or that they disapproved or were dissatisfied with what had been done, and told plaintiffs that they would later make up their minds and advise them what they should decide to do.

In such case, the town was not estopped to deny liability, none of the items sued for having accrued after the conference between plaintiffs and the town officers.

In such case, plaintiffs were not entitled to recover for a consultation between them and the tax collector, the town agent and one of the selectmen with regard to the advisability of pressing the suit previously commenced by plaintiffs on behalf of the town, it not being claimed ·that the item was a proper charge against the town on account of the tax collector, and, under the circumstances, there being no necessary inference that it was so chargeable on account of the other officers present.

CONTRACT. Plea, the general issue. Trial by the Caledonia County Municipal Court, *George C. Frye,* Judge. Judgment on facts found by the court, for defendant. Plaintiffs excepted. The opinion states the case.

*Cook & Norton* for plaintiffs.

*Porter, Witters & Harvey* for defendant.

TAYLOR, J. The action is contract to recover for services as attorneys and for cash paid out. The trial was by the court with judgment for the defendant. The plaintiffs excepted to the judgment and to a certain finding of the court which will more fully appear. The principal items of plaintiffs' claim relate to a trustee suit brought by them in the name of the defendant against one Charles B. Joy, a taxpayer of said town. The suit was prosecuted at the direction of the collector of taxes without the knowledge of, or authority from, the selectmen or the agent to prosecute and defend suits in which the town is interested. The remaining items are for advice to the collector, $5.00, and consulation with town officers, $1.00. It was conceded at the trial that plaintiffs' charges were reasonable and proper, if recoverable of the defendant, and the only question litigated was the town's liability.

Plaintiffs treat the two items mentioned above as in a class by themselves and say that, on the findings, they were entitled to recover at least to that extent. Regarding the first item the court found that the tax collector of the defendant town consulted the plaintiffs in regard to the liability of said Joy on an unpaid tax due the town and as to the advisability of bringing a suit against him; that the consultation was without the authority or knowledge of the selectmen or town agent; that the services were rendered the collector and were incidental to and a part of the proceedings to collect the tax of Joy by suit; and that as a result of the consultation the suit in question was subsequently brought.

The liability of the town on account of this item depends upon the authority of its collector of taxes to secure legal advice in the discharge of his duties at the charge of the town. That such authority on the part of town officers may in some circumstances be implied was determined in *Burton* v. *Norwich,* 34

Vt. 345, where the rule was applied to overseers of the poor and within certain limits, to town grand jurors. See *Bridgman* v. *Grafton*, 51 Vt. 478. The reasons assigned in *Burton* v. *Norwich* for holding that the officers there involved have implied authority to take legal advice in their departments of town affairs at the charge of the town apply with equal force to the collector of taxes. He is charged with duties in which the town has a direct pecuniary interest. His duties are exacting and in their discharge he is liable to be confronted with perplexing questions affecting the legality of his actions. The difficulties of enforcing even a valid tax against a recalcitrant taxpayer are numerous and well understood. In view of these difficulties, to say nothing of the liability of the town to respond in damages for the collector's default, or where the legality of the tax or of the taxbill or warrant is called in question, it becomes pparent that the collector must have an opportunity to secure necessary legal advice. We think it should be held that, in the absence of some other suitable provision for such advice, the collector has implied authority to secure it himself at the expense of the town. Nor is the right affected by the fact that the statute now makes it discretionary with the town agent to proceed to enforce the tax by trustee process. His duties relate to the commencement and prosecution of the suit and not to legal advice, though relating to a matter which may ultimately be involved in a suit. *Burton* v. *Norwich, supra.* The fact that the town agent may determine whether the suit shall be commenced and may employ counsel, if required, to manage the litigation does not wholly relieve the collector of responsibility nor obviate the necessity or propriety of his taking legal advice in all circumstances. The statute devolves upon him the duty of setting in motion the machinery for the collection of taxes by trustee process by bringing the matter to the attention of the town agent, and he would naturally be charged with making the necessary investigation preliminary to the bringing of the suit.

Some of the circumstances necessary to imply authority on the part of town officers to secure legal services at public expense are indicated in *Gibson & Waterman* v. *Vernon*, 90 Vt. 160, 97 Atl. 356, where we held that license commissioners do not sustain such relations to the town as entitle them to employ counsel at the expense of the town.

From what we have already said it will be evident that the finding that the advice was incidental to and a part of the proceedings to collect the tax by suit is not controlling. Besides, the scope of the finding is limited by reference to the testimony on which it was based, which was no more than that the collector consulted with plaintiffs in reference to Joy's taxes.

With reference to the principal items of plaintiffs' specification the claim is made that the collector had a right to direct the bringing of the suit; that it could be instituted by him personally or the matter could be turned over to the town agent for action. We cannot agree with this contention. P. S. 646, as amended by No. 52, Acts of 1910, provides that whenever the collector of taxes has a delinquent tax in his hands for collection he may notify the agent or other officer whose duty it is to prosecute and defend suits in which the municipality is interested, of the amount of such tax and all fees accrued thereon, who is empowered, in his discretion, to institute suit therefor by trustee process in the name of the municipality. Prior to the amendment of 1910 the collector had authority to institute such suits, but in his own name. It is evident that when the legislature relieved the collector of the responsibility of maintaining the suit and cast it upon the town it intended to protect the latter's interests by resting the authority to commence, prosecute or terminate the suit in its law agent. The findings exclude any authority, express or implied, derived from the selection or the town agent, and the collector had no implied authority under the statute. While plaintiffs acted in entire good faith, they were bound to know the extent and limitations of the collector's authority in the premises and to act accordingly. *New Haven* v. *Weston,* 87 Vt. 7, 14, 86 Atl. 996, 46 L. R. A. (N. S.) 921.

But it is urged that the selectmen and town agent subsequently ratified the action of the collector and this was one of the issues at the trial. The court found that there was no ratification by the selectmen or town agent of plaintiffs' hiring; that no instructions were given by either with reference to the prosecution of the suit; and that there was no promise to repay the cash paid out. Plaintiffs excepted to the finding that there was no ratification or agreement to pay by the selectmen and town agent as being inconsistent with the further finding that the court "believed the entire testimony of witness E. A. Cook to be

true.'' We will now consider the exception to the finding, which for convenience of treatment has been deferred until this time.

The occasion to which these findings relate was an interview on March 23, 1916, after all the charges had accrued except that of one dollar for consultation with town officers. At plaintiffs' request the town agent and one of the selectmen met the collector at plaintiffs' office and ''talked over'' with them the matter of the suit against Joy. The testimony of Mr. Cook referred to above, so far as it bears on the question, was to the effect that there was no suggestion on the part of anyone that plaintiffs had not been properly employed or that they disapproved of the suit or were in any way dissatisfied with what had been done; that he informed them as to what he had discovered about the tax books and showed them the answer made by Joy's attorneys in the tax suit; that it was left undecided whether they would discontinue the suit and ''pay the bills'' or proceed with it, as to which they would make up their minds later; that he made them an offer to discount all charges for services and demand only items of cash paid out, if it should seem best to discontinue the suit; and that as they left they said they would make up their minds within a few days and let plaintiffs know which they decided to do. In this connection it appeared that on April 14, 1916, plaintiffs were given notice in writing signed by all of the selectmen and by the town agent that the suit was instituted without their knowledge or consent and that the town would not be responsible for plaintiffs' services and the expenses incurred in prosecuting the suit.

It is urged that in view of what transpired at the conference the town should be estopped from denying liability; but the law of estoppel would not apply, as none of the items sued for accrued after that date. Nor can it be said that the finding that there was no ratification was inconsistent with Mr. Cook's testimony. All that he said on that subject could have been true without an actual ratification, which presented a question of fact to be inferred by the trier from all the evidence in the case. It is specially urged that the finding that no promise was made to repay the cash paid out was inconsistent with Mr. Cook's testimony. But he did not testify to a promise to pay,—did not undertake to tell what was said by the officers. At most his testimony on that subject was a conclusion and does not afford a sufficient basis for rejecting the court's finding that on all the

evidence there was no such promise.    As the questioned finding must stand, plaintiffs fail in their claim that there was a binding ratification.

There remains for consideration the charge of one dollar for consultation with town officers.    This the court finds was a charge for the consultation of March 23, 1916, between plaintiffs, the tax collector, the town agent and one of the selectmen.

The interview was not sought by the selectmen and town agent.    There was a complete explanation of all matters in relation to the suit and plaintiffs advised as to the legality of the taxes assessed by the defendant town; but the court finds that this advice was "incidental to the suit."    It fairly appears that the interview related to the advisability of pressing the suit.    It is not claimed that the item was a proper charge against the town on account of the tax collector; nor, in the circumstances, is there a necessary inference that it was so chargeable on account of the other officers present.    It follows that we cannot disturb the action of the court in rejecting it.

For error in disallowing the charge for advice to the collector the judgment will have to be reversed.    No question as to costs has been made.

*Judgment reversed, and judgment for plaintiffs to recover five dollars damages and their taxable costs.*