OTIS P. CLAY *v*. MELVIN WRIGHT.

*Town Agent. Practice. Personal Liability.*

The town agent, to prosecute and defend suits, has no authority, as such, to settle a suit brought to recover damages for injuries occasioned by insufficiencies of highways, and make a promise to pay damages that would be binding on the town.

A letter by a town agent to a plaintiff in such a suit, commencing, "I have concluded I would accept your offer, and pay you $60, rather than have any more trouble in the matter; * * please withdraw the suit and let it go. * * I shall be at home Saturday, and will see that you have the money," &c., *held* not to bind the town, but to be a personal promise of the agent, upon which he is personally liable, the person receiving it having acted upon it as such.

ASSUMPSIT. The cause was referred by agreement of parties, and the referee reported the following facts :

That at the annual town meeting in March, 1869, the defendant was duly elected " agent to prosecute and defend suits " for the town of Cavendish, and that he had held the same office the year previous ; that March 16th, 1869, this plaintiff brought a

suit against the town of Cavendish, to recover damages claimed to have been sustained by him, on account of an alleged insufficiency of a highway in said town, which suit was returnable in the town of Chester, aforesaid, before Amos E. Heald, Esq., a justice of the peace, on the 29th day of April, A. D., 1869; that sometime between March 22d, 1869, (the date of service of said writ against Cavendish,) and the 12th of April following this, defendant went to Chester, and had conversation with the plaintiff in regard to a settlement of said town suit; that the plaintiff was then informed that defendant was agent of Cavendish as aforesaid, and that he came to see him about the pending suit as such; that this conversation resulted in an offer on the part of the plaintiff to settle his demand in said suit for sixty dollars, which offer was not acceded to by defendant; that on said April 12th, this defendant wrote the plaintiff a letter from Saratoga Springs, in New York, offering him fifty dollars, and costs not exceeding five dollars, to settle said suit, which letter the plaintiff answered by letter soon after, offering to settle his suit for sixty dollars, and pay his own costs. It does not appear that defendant received this letter; that April 26th, the defendant wrote another letter to the plaintiff, which the plaintiff received the night before or the morning of the return day of said suit against Cavendish; that upon receipt of this letter the plaintiff notified Justice Heald of the withdrawal of his suit against the town; that the same was "dropped," and that he need not go over to the court place to try the same. That on the return day of said writ, Colonel Seaver, then one of the selectmen of defendant town, appeared on behalf of defendants, to defend the suit, he having previously been directed by Mr. Wright, this defendant, to take care of the same; that the house where the court was appointed being closed, the justice, the plaintiff and his counsel, and Colonel Seaver, assembled in a neighboring barn, and a discussion was had about the suit, plaintiff claiming that it was settled, and Colonel Seaver claiming that agent Wright had no authority to settle it, and that he was there to defend for the town, whereupon an entry was made upon back of the writ in the following words to wit: "April 29th, 1869, continued by agreement of parties until the first day of May, A. D. 1869, at two o'clock in the afternoon.        T. O SEAVER, for defendant.

AMOS E. HEALD."

The same being made by Colonel Seaver, and that said Justice Heald, who signed his name to said continuance, intended to sign the same officially.

That then and there, Mr. Fletcher, the plaintiff's attorney, wrote a letter to Mr. Wright, advising him of the plaintiff's acceptance of the terms proposed in the letter of the 26th, and that suit would be dropped as requested in the same; that upon said first day of May, the case was again called, and a non-suit was entered on the writ by the justice; that on the Monday following, the plaintiff, by his said attorney, notified the defendant that he had accepted his offer of the 26th, dropped the suit and demanded his $60.00; that defendant received this notice and demand the same day at Cavendish; that soon after the above named transaction, the suit at bar was brought, and is based upon the personal guarranty of the defendant, contained in his letter of the 26th of April, above referred to and attached; that this letter was written without the knowledge of the selectmen of Cavendish, the defendant believing that he had the legal right as town agent to settle the suit, and that the town would be bound by his settlement; that the selectmen repudiated the settlement as soon as it came to their knowledge. It does not appear that the defendant expressly withdrew or recalled the offer made in the letter of the 26th at any time; that the defendant was set in the grand list in said Cavendish, in the year 1869, and was a taxpayer there that year.

At the suggestion of plaintiff's counsel the referee submitted the following facts:

1. That the plaintiff in accepting the offer of the defendant contained in the letter of 26th April, (attached,) did so relying on the personal liability of the defendant for the payment of the $60.00.

2. That this suit, on the return day before the justice, was continued beyond a term of the county court, and that plaintiff consented to such continuance upon the representation of the defendant that the same would probably be settled; that he wanted time to lay the matter before the town, as they would be more likely to pay it than if he paid it first.

3. It is found that neither party in the suit against the town had witnesses present before the justice, either on return day, or the day to which the same was continued.

Also the following findings of fact on request of defendant's counsel:

It appears that defendant not receiving a reply on Wednesday, as requested in his letter of the 26th, went to Cavendish either on Thursday April 29th, or on Saturday, May 1st; saw Colonel Sea-

ver, and advised him that he must attend to the suit, and that on this occasion Colonel Seaver informed defendant that the selectmen did not sanction his offer of settlement with Clay.

The letter referred to in the report, was as follows:

OFFICE OF THE SARATOGA STAR SPRING CO.,<br>
Saratoga Springs, N. Y., April 26th, 1869.

MR. O. P. CLAY,

Dear Sir:—I have concluded I would accept your offer and pay you the ($60) sixty dollars, rather than have any more trouble in the matter. I a few days since directed the first selectman to go down and see you and pay the amount, and if he has not been down please withdraw the suit or let it go, as I cannot be there that day, and I shall be at home Saturday and will see that you have the money. Of course this pledge will be sufficient guarantee that I shall pay it. Please write me by Wednesday's mail.

Yours truly,<br>
MELVIN WRIGHT.

Upon the report being filed, the county court, at the May term, 1871, BARRETT, J., presiding, rendered judgment on the report for the plaintiff, to which defendant excepted.

*L. Adams*, for the defendant.

*Geo. L. Fletcher*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, Ch. J. It appears from the report of the referee, that on the 16th of March, 1869, the plaintiff brought a suit against the town of Cavendish, claiming damages for an injury occasioned by the insufficiency of a highway in said town.

The defendant at this time was the agent of the town to "prosecute and defend" suits when such town was a party. The plaintiff's suit against said town was brought before one A. E. Heald, a justice of the peace, and the return day was the 29th day of April, 1869. Some time before the 12th day of April, the defendant went to Chester and saw the plaintiff on the subject of settling said suit. On that occasion the plaintiff offered to take $60 in settlement of his claim. This offer the defendant did not then

accept. At this time the plaintiff knew that the defendant was the agent of the town.

On the 12th of April the defendant wrote a letter to the plaintiff offering him $50 and cost (not exceeding $5,) to settle said suit. To this the plaintiff replied repeating his former offer to take $60. On the 26th of April the defendant wrote another letter to the plaintiff accepting his offer. On the receipt of this letter the plaintiff notified the justice that the suit was withdrawn, and that he neéd not go to the place of court to try the same. On the court day Colonel Seaver, one of the selectmen of the town, appeared to defend the suit. The plaintiff there claimed that the matter was settled. Seaver claimed it was not, and that Wright had no authority to settle it. Finally an entry was made on the writ that the case was continued to the 1st day of May, 1869. This was signed by Seaver and the justice. This was assented to by the plaintiff on the representation of the defendant that the matter would probably be settled.

On the 1st day of May, the plaintiff appeared and entered a nonsuit, and this suit is brought to recover the $60 of the defendant, based upon the promise to pay contained in the defendant's letter of the 26th of April, 1869.

It is conceded that the defendant, as town agent, had no authority to make any promise to pay the plaintiff's claim that would be binding upon the town.

It cannot be said in this case that the defendant bound himself by the promise, because he failed thereby to bind his principal, for the plaintiff knew he was the town agent, and was bound to know that he had no legal authority to do so, and would not have been justified in relying upon such an undertaking, or entertaining any expectation that the town was thereby bound. If then the plaintiff is entitled to recover in this case, it must be upon the ground that the defendant's promise was a personal undertaking on his part to pay the $60. The report shows that the plaintiff understood it to be and relied upon it as a personal obligation on the part of the defendant. Was he justified in so doing ?

The defendant commences his letter by saying: "I have concluded I would accept your offer and pay you the sixty dollars,

rather than have any more trouble in the matter. * * Please withdraw the suit or let it go. * * I shall be at home Saturday and will see that you have the money. Of course this will be sufficient guarantee that I shall pay it. Please write me by Wednesday's mail." The letter was not received until the night before or the morning of the said court day, and after the Wednesday referred to. Of course the request to write could not be complied with, but the promise was not made conditional upon that.

This we think was clearly a personal undertaking; the language used is inconsistent with any other idea, and could not have been used by the defendant with any other intent than that of making himself personally liable to pay the money. The plaintiff so understood it, and had the right so to understand it, and having acted upon it and abandoned his suit against the town, is now entitled to recover.

Judgment affirmed.