## HUTHSING v. BOUSQUET et al.

### (*United States Circuit Court—District of Iowa.*)

REWARD FOR APPREHENSION OF CRIMINALS—OFFER BY COUNTY OFFICIALS. An offer of a reward for the apprehension and conviction of the parties guilty of robbing a county treasury, signed by order of the board of supervisors, by the chairman thereof, is not the act of the individual member of the board for which they are individually and personally liable, but is an act done by them in their official capacity only.

SAME—OFFER WITHOUT AUTHORITY UNDER MISTAKE OF LAW. Where such an offer of reward was made by the board of supervisors, without authority, and acted upon by the plaintiffs, all parties supposing the board had such authority, the fact that they had in law no authority, does not make them personally liable.

LOVE, District Judge.

This is an action to recover the sum of $5,000, which the defendants, who were members of the board of supervisors of Marion county, offered as a reward for the apprehension and conviction of the robbers of the treasury of that county.

The question is before us upon a demurrer to the petition. The plaintiff claims to recover upon two grounds.

*First*—That the defendants offered the reward as individuals and not in their official capacity, as supervisors, and that conse-

quently, the contract upon which the plaintiff counts, is a personal contract, binding upon the defendants as individuals.

*Second*—That if the defendants assumed to bind the county of Marion by the offer of the reward in question, they transcended their authority as supervisors, and therefore, by the laws of agency, became themselves personally bound to perform the contract.

The action cannot, in our judgment, be maintained on the first ground, because the undertaking, as set out in the petition, does not admit of the construction that it was the intention of the parties that the defendants should be personally bound to pay the offered reward.

It is perfectly clear that the offer was made by the defendants in their official capacity, and that it must have been so understood by both parties.

The averments of the petition are: "That the defendants were the legally elected and acting board of supervisors of Marion county; that, on the 10th of October, the defendants, assuming to act for said county, but without authority, caused to be published and circulated a certain circular letter, in the following words:"

"*Marion County Treasury Robbery.*

"On Thursday, the 10th day of October, 1876, at 7 o'clock p. m., the treasury of Marion county was robbed of about $12,000. The deed was committed by two men, with black velvet masks, etc. (Here follows a description of the men.) Five thousand dollars for the arrest and conviction of the thieves. Five thousand dollars additional reward will be paid for the recovery of the money.

By order of the board of supervisors.

H. D. Lucas, *Chairman.*"

There is no ambiquity in this paper. There is nothing in it open to interpretation. It purports to be not the act of the individual members of the board. It is signed by the defendant, as chairman of the board of supervisors, and in express terms, "by order of the board of supervisors."

The offered reward related to a public, not a private matter. These defendants had no more interest, as mere individuals, in the arrest and conviction of the offenders than any other citizen.

66

How is it possible that the plaintiffs could have misunderstood the offer, as a proposition of mere individual citizens to make themselves personally responsible for so large a sum, in the face of express terms showing that they were acting by order of the board of supervisors, and, therefore, as mere representatives of the board.

What possible terms could these defendants have used to show more explicitly that they made the offer in their representative capacity as public officers, than the words they did use, "by order of the board of supervisors."

No averment in pleading can change the purport of these words, and the court cannot, by construction, do violence to their plain meaning. The plaintiff could not have understood that the defendant, Lucas, in signing a paper, as chairman, and by order of the board, meant what he did not say, namely, that he offered the reward without the order of the board, and as an individual upon his personal responsibility.

The intention of the parties to this contract is not to be mistaken, and its construction must follow the intention.

The decisions of the Supreme Court of Iowa, to the effect that the board of supervisors have no authority to offer such a reward, had not been made when the reward was offered and acted upon. Both parties doubtless acted under a mistake of law. It was very natural that they should both suppose that the the authority existed in the board to make the offer, and they, no doubt, both intended that the county of Marion should be bound by it. Having made the contract with this intent, the plaintiff cannot now convert it into a contract with the defendants personally.

The plaintiff cannot make a contract with one party and count upon it in pleading as a contract with another and different party. *Hawk* v. *Marion County*, 48 Iowa, 472; *Hanger* v. *City of Des Moines*, Runnels, 42. Can the action be maintained upon the second ground stated above?

It is clear that the second ground, like the first, is untenable.

When an agent makes a contract in the name of his principal, but without authority, he binds himself, for the reason that if he (the agent) is not bound, there is no one to respond to the third contracting party. If, in such case the agent were not bound, his act in representing himself to have authority would operate as

a fraud upon the other contracting party. But if in such case, the agent were to tell the third contracting party that he had no authority to bind the principal, it would be the folly of the other contracting party to enter into such a contract, and he could not claim to be defrauded. Neither could he count upon a contract against the agent, because that would be contrary to the very terms, and the manifest intent of the contract.

He would have to lie on the bed which he had made for himself, with his eyes open. The law does not aim to relieve a party against the consequences of his own folly.

The case before us stands upon this principle. The board of supervisors had no authority by law to make the contract on which the plaintiff relies in this action. The plaintiff was bound to know the law, and we must proceed, therefore, upon the assumption that he did, when he accepted the offer and performed the service, know that the board had no authority to offer the reward. The offer was *ultra vires;* the plaintiff knew it; it was his own folly to accept such an offer; he cannot claim that he was misled or deceived; and the court cannot relieve him. It has been frequently decided in this and other states, that, where a public officer makes a contract *ultra vires*, the party contracting with him cannot hold the public officer responsible as an agent, acting without authority.

This doctrine has been laid down upon the express ground of the third contracting party's knowledge, when entering into the contract, of the public agent's want of authority. *McCurdy* v. *Rogers*, 21 Wisconsin, 197; *Richard* v. *Warren County*, 31 Iowa, 389; *Boardman* v. *Hayne*, 29 Iowa, 339.

In the great County Bond litigation which lately agitated the courts of this state, it was never claimed that the county officers who had, as decided by the Supreme Court of Iowa, acted *ultra vires* in issuing the bonds, were themselves personally liable as agents contracting without authority.

It has been suggested that the defendants offered the reward without any formal meeting and resolution of the board authorizing it. This would be material if there had been any statutory authority empowering the board at a regular or called session, to offer the reward in question, but since if at an authorized session a resolution of the board offering the reward would have been utterly without authority and void, it can make no kind of

difference that the defendants acted without such formal meeting and authority.

If there had been statutory authority, and the defendants had acted in offering the reward without actual authority conferred by the board, the plaintiff could charge them upon the contract as agents acting without or transcending their authority, because in that case, the want of authority depending on a matter of fact, not law, notice of the absence of power to make the contract could not be imputed to the plaintiff.

*Demurrer sustained.*