STEPHEN J. CONNOLLY & others vs. INHABITANTS OF
BEVERLY & others.

Essex.   March 25, 1890. — May 9, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Town Division — Employment of Counsel before Legislature — "Interested."*

Under the St. of 1889, c. 380, authorizing the employment of counsel by "any
town interested in a petition to the Legislature" to represent it at hearings
thereon, a town may employ and pay counsel to oppose its division before a
committee of the Legislature.

PETITION IN EQUITY of thirteen persons to this court, against
the town of Beverly, its treasurer and selectmen, representing
that the petitioners were all taxable inhabitants of the town of
Beverly; that on December 17, 1889, at a meeting of the town
held in pursuance of a warrant issued by the selectmen, the
following votes were passed:

" Voted, that the selectmen of this town be authorized and
requested to oppose by all lawful and proper means the grant-
ing of the petition of D. W. Hardy and others, for the division
of the town of Beverly, as set forth in said petition, and that
said selectmen be requested to appoint, to act with them in
that service, such a number of citizens representing the different
interests of the town, as to them from time to time may seem
expedient.   The whole to constitute a joint committee to pro-
tect the interests of the town.

" Voted, that the selectmen are authorized and instructed
to employ counsel to represent the town before the committee
of the Legislature at the hearings upon the petition of D. W.
Hardy and others, and the selectmen are hereby instructed
to follow the terms and provisions of chapter 380 of the Acts
of 1889, and to incur no expense except such as may be author-
ized by the same act; and they are hereby required to make a
detailed account of any expense incurred, and to file a copy of
said account with the town clerk, open to the inspection of all
tax-payers of the town."

The petition prayed that the treasurer, selectmen, and in-

habitants of the town be enjoined from borrowing or expending money for the purposes set forth in these votes.

The answer of the respondents contained a demurrer, denying the equity of the bill, because there was no allegation therein that the town had voted to raise money by taxation or pledge of its credit, or to pay from its treasury any money whatsoever.

Hearing before *Field*, J., who reported the case for the consideration of the full court. If the demurrer was sustained, the petition was to be dismissed; if the demurrer was overruled, the cause was to be considered upon the petition and answer, such decree to be entered as justice might require.

*F. C. Lowell*, for the petitioners.

*J. Lowell*, (*H. P. Moulton* with him,) for the respondents.

C. ALLEN, J. It was determined in *Minot* v. *West Roxbury*, 112 Mass. 1, and *Coolidge* v. *Brookline*, 114 Mass. 592, that, as the statutes then stood, a town could not lawfully expend money in advocating or opposing before a legislative committee the annexation of the whole or a part of its territory to another town. By the St. of 1889, c. 380,* it was enacted that "any town interested in a petition to the Legislature may at a legal meeting, by a two-thirds vote of the legal voters present thereat, authorize the employment of counsel to represent such town at any hearing before any committee of the Legislature upon such petition." The principal question before us is, whether under this statute the town of Beverly may employ and pay counsel for opposing the division of the town, and for representing the town generally in reference to such division, before a committee of the Legislature.

It is obvious that it was the design of the statute to change

---

* This statute, approved May 28, 1889, is as follows:

"Any town interested in a petition to the Legislature may at a legal meeting, by a two-thirds vote of the legal voters present thereat, authorize the employment of counsel to represent such town at any hearing before any committee of the Legislature upon such petition: *provided, however,* that no expenses shall be hereby authorized excepting such as would be incurred in presenting a case before the judicial courts. Such town employing counsel shall require a detailed account of any expenses incurred, and a copy of said account shall be filed with the town clerk and open to the inspection of all tax-payers of the town."

the existing law to some extent. It is not necessary or expedient for us at this time to undertake to define the meaning of the word " interested," as used in the statute, further than is involved in the determination of the present case. Nor is it for us to express an opinion upon the policy of such an act; all that we have to do is to construe it; and we are of the opinion that the statute by its true construction is sufficient to authorize the proposed expenditure of money by the town. The division of a town is a matter which concerns all of its inhabitants, whether taxable for property or not. In this sense, a town may be said to have an interest in the main question whether there shall be a division, and, if a division is determined upon, in the subordinate questions upon what terms such division shall be made. There are questions relating to the fixing of the boundary line, the division of the town's property, and of its debts if debts it has, the settlement of paupers, the maintenance of wards and schools, and the adjustment of the new relations of the people with reference to voting and judicial districts. In these and other particulars, the assistance of counsel may be needed. It is a matter of familiar knowledge, that, when a question arises before the Legislature as to the division of a town, or the annexation of one town to another, notice has usually, if not always, been given to the town or towns concerned, and, when such division or annexation has been thought expedient by the Legislature, the final determination of it has sometimes been submitted to a vote of the inhabitants. *Stone* v. *Charlestown*, 114 Mass. 214.

We are of the opinion that the town of Beverly is to be regarded as interested in the question of its division, in the sense in which that word is used in the statute.

*Petition dismissed.*