ROMAINE A. SPAFFORD *vs.* THE TOWN OF NORWICH.
ROMAINE A. SPAFFORD *vs.* CHARLES A. BROWN, et al.

October Term, 1898.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed January 28, 1899.

*Reward, When is Town Bound by Offer of.*—Selectmen cannot bind the town by the offer of a reward for the arrest and conviction of the person guilty of removing a body from its grave in a cemetery in the town, it not appearing that the town's property was injured nor that any statute cast upon the town the burden of prosecuting for such offences.

*Selectmen Offering without Authority Do not Bind Themselves.*—Neither do the selectmen by making such an offer in the name of the town render themselves personally liable to one who acts upon and fulfills its conditions; for such person is bound to know, as well as they, that they have no such authority.

ASSUMPSIT. Plea, the general issue. Trial by jury at the May term, 1898, Windsor county, *Ross*, C. J., presiding. Verdict ordered and judgment thereon rendered for the defendants. The plaintiff excepted.

*W. B. C. Stickney, W. W. Stickney* and *J. G. Sargent*, for the plaintiff, cited V. S. 3016, 3020, 5007, 5008; *Burton* v. *Norwich*, 34 Vt. 345; *Cabot* v. *Britt*, 36 Vt. 349; *Cobb* v. *Cowdery*, 40 Vt. 25; *Hawk* v. *Marion County*, 48 Ia. 472; *Symmes* v. *Frazier*, 6 Mass. 344; *Freeman* v. *Boston*, 5 Met. 56; *Loring* v. *Boston*, 7 Met. 409; *Crawshaw* v. *Roxbury*, 7 Gray 374; *Janvrin* v. *Exeter*, 48 N. H. 83; Dillon Mun. Corp. § 139; *Bay* v. *Cook*, 22 N. J. 343; *Brown* v. *Bradlee*, 156 Mass. 28.

*Wm. Batchelder* and *Wm. E. Johnson* for the defendants.

START, J. These cases were heard together. The facts, rulings and exceptions were substantially alike in both cases. The actions are assumpsit for the recovery of one

thousand dollars, alleged to have been offered by Charles A. Brown, A. W. Brigham and C. E. Ensworth, as selectmen of the town of Norwich, for and on behalf of said town, as a reward for the arrest and conviction of the person or persons who removed the body of Joseph S. Murdock from its grave in the New Cemetery at Norwich, and the recovery of the body. It appeared that the selectmen signed a writing, purporting to offer such a reward, and caused printed copies of the same to be posted. The plaintiff offered one of these posters in evidence, and, in connection therewith, offered to show, that the publication of the same came to his knowledge; that, acting upon and influenced thereby, he worked diligently to earn the reward, which he understood was lawfully offered by the defendant town; and that he complied with the terms of the offer, demanded payment, and payment was refused. The court excluded the poster and evidence offered in connection therewith, ordered a verdict for the defendants in both cases, and the plaintiff excepted. The plaintiff contends that, by V. S. 5008, an action for damages is given to towns against persons who injure burial grounds within their respective corporate limits; that the procuring of evidence for the successful prosecution of such an action is within the corporate powers of a town; and that the discretion as to what expense shall be incurred, and what means taken to find and procure the necessary evidence, rests with the selectmen.

It did not appear, nor was there an offer to show, that the town's property had been injured by the removal of the body, or otherwise; that the town had a cause of action against any one therefor; or that the reward was offered for the arrest and conviction of a person or persons for injuring or taking away the town's property. The reward was offered for the arrest and conviction of the person or persons who removed the body, and for its return. The poster that came to the plaintiff's knowledge, and on which

he acted, admits of no other interpretation. It states that, "The town of Norwich will pay one thousand dollars for the arrest and conviction of the person or persons who removed the body of the late Joseph S. Murdock from its grave in the New Cemetery at Norwich, and the recovery of the body." The liability of the town, as shown by the plaintiff's offer, was dependent upon whether it could bind itself to pay a reward for the purpose stated in the poster, and whether the selectmen had authority to offer the reward. It is no part of the duty of towns to take charge of criminal proceedings, nor to aid in the detection or conviction of offenders against the criminal laws of the State, unless such duty is imposed by the statute. That duty rests, primarily, on the State. There is no statute which expressly, or by necessary implication, imposes upon towns any duty in respect to the arrest and conviction of persons who remove or disinter a dead body without authority, nor that makes it the duty of towns to procure the return of bodies thus removed. The purposes for which money belonging to a town may be expended are defined, in a great measure at least, by statute, and the expenditure must be for some legitimate purpose connected with the town government, unless its expenditure for a different purpose is authorized by the statute. The only means a town has for paying a reward for the arrest and conviction of a person charged with the commission of a crime, is by taxation; and the inhabitants of one town, as distinguished from the inhabitants of the state, have no such special interest in such an arrest and conviction as will empower a town, in the absence of a statute authorizing or imposing it, to incur such expense.

V. S. 3083, authorizes towns to vote such sums of money as deemed necessary for the support of the poor, for laying out and repairing highways, for the prosecution and defence of the common rights and interests of the inhabitants, and for other incidental town expenses. This section confers no

authority upon the defendant town to raise money for the enforcement of the criminal laws of the State, in the enforcement of which no duty is imposed upon the defendant town, and in which the inhabitants of every other town in the State have, in contemplation of law, the same interest as the inhabitants of the defendant town; and no power can be implied which does not pertain to matters of a local character, and relate to the prosecution and defense of the common rights and interests of the inhabitants of the town, as distinguished from the individual and the inhabitants of the entire State. As we have seen, the State has not placed the prosecution of persons violating the statute relating to the disinterment of dead bodies, without authority, within the corporate limits of the defendant town, under the control and jurisdiction of the defendant town in its corporate capacity. This duty rests upon the State, and the burden is borne by all the inhabitants of the State; and the State has not imposed any duty upon the defendant town to procure the return of a body that has been removed from its burial ground, without authority.. Therefore, it had no power to raise money, by vote or otherwise, to defray the expense of procuring the arrest and conviction of persons violating the statute which prohibits the removal or disinterment of a dead body, without authority, or to pay for the return of a body that has been taken away from the place of its interment; nor could it make an enforceable contract respecting such matters. It could bind itself by contract only in respect to those matters which had been placed under its jurisdiction by statute, or by usage, and in respect to which it could vote and raise money. It could not vote a tax to raise money to prosecute a criminal cause over which, in its corporate capacity, it had no jurisdiction, and in respect to which it owed no duty, nor for the return of a human body that, as a corporation, it was under no duty to procure returned. The inhabitants of the defendant town, in

common with all the inhabitants of the State, might wish to have offenders against the statute punished and the body returned to the place of its interment, but the defendant, in its corporate capacity, had no wish or interest. It had no duty to perform, no rights to defend, no interests to protect, no corporate or pecuniary concern in the subject matter, and could incur no liability respecting the same. In *Sheldon & Cushman* v. *Bennington*, 67 Vt. 580, it is held, that, when a municipal corporation has no interest in the event of a suit, or in the question involved in the case, and the judgment thereon can in no way affect the corporate rights or corporate property, it cannot assume the defense of the suit, or appropriate its money to pay a judgment therein; and warrants or orders for the payment of money based upon such a consideration are void.

The selectmen of the town of Norwich did not incur a personal liability by causing to be posted a notice that the town would pay one thousand dollars for the purposes therein stated. The plaintiff, in performing the service for which he claims to recover, was bound to know whether the town could bind itself by contract to pay for such service, and, inasmuch as it could not, the case does not fall within the rule, that an agent is personally liable when he fails to bind his principal for want of authority.

If the town had directed the selectmen to offer the reward in its name, the plaintiff would have been no better off; he could not have recovered. Therefore, he loses nothing by reason of want of authority in the selectmen to bind their principal. In *Taft* v. *Pittsford*, 28 Vt. 286, is is held that the plaintiff making a contract with a public board of officers, is bound to know how far the powers of such officers are limited, and in what event they cease and their work is stayed, and to understand that his contract with them will be subject to such limitations and restrictions as the general public statutes of the State impose upon the subject matter. The case of *Clay* v. *Wright*, 44 Vt. 538, was an action to

charge a town agent, and the court, in the course of the opinion, said: "It cannot be said in this case that the defendant bound himself by the promise, because he failed thereby to bind his principal, for the plaintiff knew he was the town agent, and was bound to know that he had no legal authority to do so, and would not have been justified in relying upon such an undertaking, or entertaining any expectation that the town was thereby bound."

*Huthsing* v. *Bousquet,* 2 McCrary 152, was an action to recover a reward offered by the supervisors of a county for the arrest and conviction of thieves who had robbed the treasury of the county, and for the recovery of the money; and the plaintiff sought to charge the supervisors personally, on the ground, that, not binding their principal, they bound themselves. The court, in holding that the supervisors were not liable, said: "The case stands upon this principle. The board of supervisors had no authority by law to make the contract on which the plaintiff relies in this action. The plaintiff was bound to know the law, and we must proceed upon the assumption that he did when he accepted the offer, and performed the services. The offer was *ultra vires.* The plaintiff knew it, it was his own folly to accept such an offer, and the court cannot relieve him."

*Judgments affirmed.*