EDWARD HIGGINSON *vs.* CITY OF FALL RIVER.

Bristol. February 26, 1917. — April 2, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Municipal Corporations*, Officers and agents. *Attorney at Law. Contract,* Validity. *Words,* "Current expenses."

A city official, merely by virtue of the general powers conferred upon him by law, has no authority to employ counsel on behalf of the city.

Authority on the part of fire commissioners of a city to employ counsel on behalf of the city cannot be implied as incident or necessary to the exercise of the functions of their office.

The fire commissioners of a city have no right nor power to expend any portion of a fund appropriated by the city for the "current expenses" of its fire department for the services of counsel whom they had no express authority to employ.

CONTRACT by an attorney at law for the value of professional services rendered at the request of the defendant's board of fire commissioners, as stated in the opinion. Writ in the Second District Court of Bristol dated January 21, 1914.

On appeal to the Superior Court, the action was heard by *Jenney,* J., upon an agreed statement of facts.

The ordinances of the defendant, c. 37, §§ 2, 3, relating to the city solicitor, were as follows:

"Section 2. He shall draw all bonds, deeds, contracts and other legal instruments, of whatever nature, which may be required of him by the city council, or by any committee of the city council, or cause the same to be done under his supervision.

"Section 3. He shall commence, prosecute or defend all actions and suits brought by or against the city before any tribunal, and shall represent and advocate the rights and interests of the city or any of the officers thereof, in any suit or prosecution, wherein any official act or any estate, right, privilege, or act of the city may be brought in question. He shall draw all complaints for the violation of any city ordinance, and appear and prosecute the same before any court having jurisdiction thereof. He shall also represent and answer for the city before the Legislature, or any committee thereof, and advocate the interests of the city; and he shall in all respects do every professional act incident to the office which may

be required of him by the city government or any committee thereof, and he shall, when required, furnish the mayor and aldermen, and any officer of the city government who may require it in the official discharge of his duties, with his legal opinion upon any subject touching the duties of their respective offices."

Material portions of § 1 of that part of the ordinances relating to contracts were as follows:

"Every contract or purchase where the amount involved is fifty dollars or more made by any officer, department, board or other agent of the city of Fall River, shall be awarded only after open competition, except when otherwise specifically authorized by law or vote of the city council. . . ."

The judge found for the defendant; and the plaintiff appealed.

The case was submitted on briefs.

*E. Higginson*, pro se.

*G. Grime*, for the defendant.

CROSBY, J. A majority of the members of the board of fire commissioners of the defendant, acting under the provisions of its city charter (St. 1902, c. 393, § 28) sought to remove the chief engineer of the fire department, who had previously refused to resign in compliance with the request of the board and demanded a hearing as provided for by § 28 of the charter. Afterwards it was voted by the board that he be given a hearing on charges and that the city solicitor be requested to formalize such charges and to aid the board in all matters relating to the hearing.

The city solicitor, at the request of the mayor, declined to comply with the request of the board; and thereafter in accordance with a vote of the latter, the plaintiff, an attorney at law, was employed by the board to assist in "preparation of the charges against the chief engineer . . . and in all matters pertaining to the hearing to be given on the same." Having rendered services in accordance with the foregoing employment, the plaintiff brings this action to recover therefor.

The charter (c. 37, §§ 2, 3) provides for the appointment of a city solicitor whose duties are therein prescribed.

If, as the plaintiff contends, we assume without deciding that the city solicitor was not required to comply with the request of the board, it is plain that the plaintiff is not entitled to recover, although we do not mean to intimate that the defendant would

have been liable if the city solicitor had wrongfully refused to comply with the request of the board.

It is well settled that a city official has no authority to employ counsel on behalf of the city by reason of the general powers conferred on him by law. *Butler* v. *Charlestown,* 7 Gray, 12. *Fletcher* v. *Lowell,* 15 Gray, 103.

It is not contended that any express authority was given by the city council to the fire commissioners to employ counsel, nor can such authority be implied as incident or necessary to the exercise of their corporate functions. *Coolidge* v. *Brookline,* 114 Mass. 592.

In view of the conclusion reached, it is unnecessary to determine whether § 1 of the ordinance relative to contracts would be a bar to recovery in this action.

The contention that the plaintiff's charges come under the head of " current expenses," for which an appropriation had been made for the maintenance of the fire department, cannot be sustained, even if there was an unexpended balance of such appropriation at the time the services were rendered by the plaintiff. Manifestly the authority of the board of fire commissioners to make payments from the appropriation for " current expenses" is limited to lawful obligations of the city: the appropriation could not be applied in whole or in part to demands which the city was under no legal liability to pay.

The plaintiff was chargeable with knowledge that the fire commissioners in employing him had no authority to bind the defendant, *Bartlett* v. *Lowell,* 201 Mass. 151, 155, and the city cannot be held liable for the services rendered even if beneficial to it. *Butler* v. *Charlestown, ubi supra. Douglas* v. *Lowell,* 194 Mass. 268, 275.

That a public officer cannot make a binding contract on behalf of a municipality without express authority would seem not only to be settled by precedent but to be in accord with sound principles. *Butler* v. *Charlestown, ubi supra. Fletcher* v. *Lowell, ubi supra. Connolly* v. *Beverly,* 151 Mass. 437. *Flood* v. *Leahy,* 183 Mass. 232. *Wormstead* v. *Lynn,* 184 Mass. 425.

As the plaintiff is not entitled to recover under either count of the declaration, for the reasons above stated, the entry must be

*Judgment affirmed.*