*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2020-022

JULY TERM, 2020

| | |
|---|---|
| Paul T. Prevost* v. Agency of Transportation | }    APPEALED FROM: |
| | } |
| | }    Superior Court, Washington Unit, |
| | }    Civil Division |
| | } |
| | }    DOCKET NO. 179-4-19 Wncv |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Appellant appeals a superior court order affirming a decision of the Vermont Agency of Transportation (AOT) to reissue a life revocation of his driver's license based on its finding that appellant had violated the conditions of his Total Abstinence reinstatement by consuming alcohol. On appeal, appellant argues that AOT lacked authority to attach a total abstinence condition to his reinstatement that would result in license revocation, and that because AOT's action was beyond its statutory authority it is subject to collateral attack. We conclude that appellant is barred from collaterally attacking the conditions of his reinstatement and affirm.

The relevant facts are undisputed. Appellant's license was revoked for life in 2000 following a third conviction for driving under the influence. In 2005, he sought reinstatement of his license under an AOT program, Total Abstinence. The terms of this program are set forth in statute.[1] Based on a finding that appellant met the qualifications, a hearing examiner reinstated appellant's license and included the following condition:

---

[1] For purposes of this appeal, we accept the parties' agreement that the 2005 version of the statute applies to this case. In 2005, 23 V.S.A. § 1209a(b) provided as follows:

> **Abstinence.** Notwithstanding any other provision of this subchapter, a person whose license has been suspended for three years or more under this subchapter may apply to the driver rehabilitation school director and to the commissioner for reinstatement of his or her driving privilege. . . . In the case of a suspension for life, the person shall have completed three years of total abstinence from consumption of alcohol or drugs, or both. . . . If the commissioner . . . is satisfied by a preponderance of the evidence that the applicant has abstained for the required number of years immediately preceding the application and hearing, has successfully completed a therapy program as required under this section and the person appreciates that he or she cannot drink any

Pursuant to Section 1209a(b), Petitioner's reinstatement shall be subject to the condition that his revocation will be put back into effect in the event any further investigation reveals a return to the consumption of alcohol.

Appellant did not appeal the order or challenge the inclusion of this condition.

In 2018, the Department of Motor Vehicles conducted an investigation and determined that appellant had consumed alcohol. The DMV did not allege or show that appellant had operated a motor vehicle after consuming alcohol. The DMV found that appellant had violated the condition of his reinstatement requiring total abstinence and revoked appellant's driver's license again. Following a hearing, an AOT hearing officer affirmed the revocation. The hearing officer concluded that the Commissioner had discretion to impose the abstinence condition under the 2005 version of the statute and that the final order was not subject to collateral attack.

Appellant appealed to the superior court. See 23 V.S.A. § 105(b). On appeal, appellant argued that the condition requiring total abstinence from alcohol was not authorized by the statute and was unenforceable. The superior court concluded that the reinstatement decision was unchallenged and final in 2005 and the abstinence condition contained in it was not subject to a collateral attack. The court rejected appellant's argument that imposition of the condition constituted an abuse of power and therefore could be raised at any time.

On appeal to this Court, appellant argues that the 2005 version of § 1209a(b) did not authorize AOT to set conditions that would result in re-imposing license revocation. He asserts that the agency acted outside of its authority in setting this condition and therefore the order containing the condition is subject to collateral attack.

We conclude that appellant's challenge to the condition in the 2005 order is an impermissible collateral attack. The 2005 decision reinstating appellant's license was final in 2005 and has res judicata effect insofar as it was made after notice to all parties and a hearing. See Delozier v. State, 160 Vt. 426, 429 (1993) (holding that "res judicata applies to administrative decisions when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate" (quotation and alteration omitted)). Here, appellant had an opportunity to contest the condition in the 2005 reinstatement decision and chose not to.

Appellant asserts that the order is subject to a collateral attack because AOT lacked statutory authority to impose a condition that could result in license revocation and therefore acted

---

amount of alcohol and drive safely, the person's license shall be reinstated immediately upon such conditions as the commissioner may impose. If after notice and hearing the commissioner later finds that the person was operating, attempting to operate or in actual physical control of a vehicle while the person's alcohol concentration was 0.02 or more following reinstatement under this subsection, the person's operating license or privilege to operate shall be immediately suspended for the period of the original suspension. A person shall be eligible for reinstatement under this section only once following a suspension for life.

(Emphasis added.)

2

outside of its power. He relies on two inapposite cases. First, he cites a 1910 case in which this Court noted that when a town attempts to exercise powers neither expressly granted by the Legislature nor implied from its charter, its acts are "altogether ultra vires and therefore void." Sargent v. Clark, 83 Vt. 523 (1910). Second, he cites a case in which we held that an insurance contract may be void from the outset if induced by fraud. Progressive Ins. Co. v. Wasoka, 2005 VT 76, ¶ 12, 178 Vt. 337. Neither the case about the limits of municipal authority, nor the one involving the invalidity of certain insurance contracts has anything to do with the preclusive effect of a final, unappealed agency decision.

To the extent that appellant is attempting to leverage the principle that challenges to a court's subject-matter jurisdiction can be raised at any time, that principle does not extend to challenges like this, in which the agency had express statutory authority to issue decisions reinstating revoked licenses. See In re C.P., 2012 VT 100, ¶ 18, 193 Vt. 29 ("A challenge made on subject matter grounds must show that the court lacked jurisdiction over the general category of case. When a court has jurisdiction over a general category of case, the fact that the court errs in exercising its jurisdiction in a particular case within that general category is generally not sufficient to make the resulting judgment void for lack of subject matter jurisdiction." (quotations omitted)). Appellant does not contend that at the time of its 2005 decision conditionally reinstating appellant's license, the DMV lacked authority to adjudicate his claim. At most, appellant argues that in 2005 the DMV exercised its jurisdiction in a way that exceeded its statutory authority. This is not the kind of claim that can be raised in a collateral challenge. See also Restatement (Second) of Judgments § 12 (1982) (describing narrow circumstances under which final judgment may be collaterally attacked).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Karen R. Carroll, Associate Justice

3